CARL HANCOCK AND JOHN HANCOCK

*v.*

STATE OF ILLINOIS.

*Opinion filed January 19, 1921.*

GOVERNMENTAL FUNCTION—*when State is not liable.* The State in conducting the Illinois State Reformatory exercises a governmental function and is not liable for injuries sustained by its employees while in the discharge of their duty. (*Morna Kruger* v. *State, Supra,* followed.)

Edward J. Brundage, Attorney General, for State.

The same opinion will cover both the above cases, as claimants have the same counsel, and the testimony was taken in both cases at the same time and is covered by the same record.

The facts in these cases are similar to those set out in the opinion of this Court in the case of *Morna Kruger, Administratrix,* v. *The State,* Number 56, and it is not necessary to set same out in full.

The claimant, Carl Hancock, on September 7, 1919, was stationed as an officer on duty as cell house keeper in the Illinois State Reformatory at Pontiac. At said time, two inmates of said institution, John Frederico and John Kelly, were confined in a cell, and unknown to said Carl Hancock, had in their possession certain saws, revolvers and cartridges for the purpose of attempting to make their escape from said institution. Claimant, while on guard, detected said two inmates in the attempt to saw the iron bars of their cell door, and reported to his superior officer, Charles A. Kruger. Said Kruger then came, and with the assistance of claimant, unlocked the door of said cell, for the purpose of taking said inmates out and confining them in other cells. As soon as said cell door was unlocked, said inmate John Kelly produced a revolver and shot said Kruger in the head which resulted in his immediate death. The other inmate, John Frederico shot the claimant, Carl Hancock with a revolver and severely and dangerously wounded him. Said inmates then secured possession of the keys of said cell house and liberated another inmate, and attempted to escape from the institution, but were prevented from so doing by guards and other attendants and the attempt to escape terminated in the death of one of them and the mortal wounding of the other.

After the shooting of said Kruger and said Carl Hancock by said inmates the claimant, John Hancock, armed with an automatic rifle, attempted to prevent their escape from the yard, and in an exchange of shots with said Kelly, was shot in the left foot.

The testimony shows that both said John Hancock and Carl Hancock received their injuries in the performance of their duty as guards,

and that the bones in the foot of said claimant, John Hancock, were broken and injured, and that such lameness and injuries still exist.

The testimony further shows that the bullet from the revolver fired by said John Frederico at the claimant, Carl Hancock, entered the right side of the head of said Carl Hancock and penetrated the brain and came out at the rear of the head; that claimant, Card Hancock became seriously ill and that the injury caused paralysis of his left side, and that his injury is a permanent one. The testimony further shows that the shock of said injury caused the wife of said Carl Hancock to lose her mind and that she has, since said time, been insane, and is now confined in a private sanitarium at Jacksonville, Illinois.

The Attorney General, on behalf of the State, has filed a demurrer to both of said claims, setting forth that the State is not liable for the injuries to claimants, received in the performance of their duty, as the doctrine of *respondeat superior* does not apply to the State, and also setting forth that the State, in conducting the reformatory at Pontiac is exercising a governmental function and is not liable for the death and injuries of those it employs.

These contentions have been heretofore sustained by this Court in previous decisions, and the authorities in support thereof are fully set forth in the opinion in the case of Morna Kruger, administratrix, against the State, above mentioned.

Under these authorities, the Court therefore rejects both of these claims.

The Court is of the opinion, however, that as an act of social justice and equity, an allowance should be made to both of these claimants, as the evidence shows that they were both injured in the performance of their duty.

After carefully considering the evidence in both of these cases. the Court recommends to the Legislature an appropriation to the claimant, Carl Hancock, of the sum of five thousand dollars ($5,000.00), and an appropriation to the claimant, John Hancock, of the sum of fifteen hundred dollars ($1,500.00).